## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**IRMA JEAN ROUTEN**                                                          **PLAINTIFF**

**V.**                              **Case No. 4:15 CV 705-J LH**

**BAKER KURRUS, in his official capacity as,**
**SUPERINTENDENT of the**
**LITTLE ROCK SCHOOL DISTRICT;**
**JOHNNY KEY, in his official capacity as**
**BOARD OF DIRECTORS of the**
**LITTLE ROCK SCHOOL DISTRICT;**
**DEXTER SUGGS, individually and in his official capacity as**
**SUPERINTENDENT of the**
**LITTLE ROCK SCHOOL DISTRICT**                              **DEFENDANTS**

### ANSWER

Defendants Little Rock School District, Baker Kurrus, in his official capacity as Superintendent of the Little Rock School District, and Dexter Suggs, in his official capacity as Superintendent of the Little Rock School District, hereinafter ("Defendants"), by and through their attorneys FRIDAY, ELDREDGE & CLARK LLP and for their Answer to Plaintiff's Complaint, state as follows:

1.     Paragraph 1 of the Complaint contains no allegations against the Defendants and, therefore, no response is required.  Insofar, however, as Plaintiff attempts to make allegations against the Defendants in paragraph 1, Defendants must deny those allegations.

2.     Defendants do not object to this Court's jurisdiction over the parties

as established in paragraph 2 of the Complaint.   However, Plaintiff should not be allowed to forum shop while and allow two courts to maintain concurrent jurisdiction of her claims.   *See* Pulaski County Circuit Court Case No. 60 CV-14-1273.

3.      Defendants admit that venue is proper in this Court as alleged by the Plaintiff in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      Defendants admit that Defendant Key serves in the capacity of the Board of Directors of the Little Rock School District ("District") after the Arkansas Department of Education assumed responsibility for the operations of the District, as alleged in paragraph 5 of the Complaint.

6.      Defendants admit Defendant Kurrus is the Superintendent of the District and as such is responsible for administering the affairs of the District as alleged in paragraph 6 of the Complaint. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit that Defendant Suggs was employed by the District from April 2013 until approximately April 2015. Defendants also admit that Plaintiff alleges that Defendant Suggs' actions form the basis of allegations in her Complaint in paragraph 7.   Defendants deny the remaining allegation contained in paragraph 7 of the Complaint.

2

8.     Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.     Defendants admit that Plaintiff seeks to bring suit against Defendant Suggs in his individual capacity.   Defendants further admit that Suggs was s resident of the Eastern District of Arkansas at the time of his employment as Superintendent of the District. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants admit that Plaintiff is a black female who was employed by the district as a teacher in 1991 to teach music.   Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 12 of the Complaint and therefore must deny them.

13.     Defendants deny the allegations in paragraph 13 of the Complaint and state that as the Director of Fine Arts and as Plaintiff's supervisor, Dr. Danny Fletcher has total responsibility over the fine arts program throughout the entire Little Rock School District.

14.     Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Complaint.

16.     Defendants admit that Suggs notified Plaintiff on January 24, 2014 that her 2014-15 contract would not be renewed on the same terms and conditions as the previous year for budgetary reasons and due to staff realignment, as alleged in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint.

18.     Defendants admit that Plaintiff earns approximately $70,000 annually on a 9 ¼- month contract that was reduced from an eleven month contract. Defendants deny the remaining allegation contained in paragraph 18 of the Complaint.

19.     Defendants admit that they maintain a policy that provides stipends to its employees in accordance with their employment classification and educational levels.  Defendants further admit that Dr. Fletcher earned a $3,000 annual stipend for holding a doctoral degree and holding a position as an administrator.  Dr. Fletcher also receives a $720 annual vehicle stipend as an administrator while Plaintiff does not.  Defendants also admit that Plaintiff earns a $500 stipend for holding a doctoral degree while being classified as a teacher. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.    Defendants deny the allegations contained in paragraph 21 of the Complaint and state that as the Director of Fine Arts and as Plaintiff's supervisor, Dr. Danny Fletcher has total responsibility over the fine arts program throughout the entire Little Rock School District.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint.    Defendants further state that by failing to accept delivery of Defendant Suggs' non-renewal notice Plaintiff waived her rights under the Teacher Fair Dismissal Act.

23.    Defendant's admit that Plaintiff filed a Charge of Discrimination alleging sex and age discrimination on or about October 16, 2014 as alleged on paragraph 23 of the Complaint.

24.    Defendants admit that plaintiff received notice of rights from the EEOC on or about September 12, 2015 as alleged in paragraph 24 of the Complaint.

25.    Defendants incorporate and restate their responses to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.    Defendants deny the allegations contained in paragraph 29 the Complaint.

30.    Defendants incorporate and restate their responses to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Defendants deny the allegations contained in paragraph 31 Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint and state that Defendant Dexter Suggs, in his individual capacity, was not Plaintiff's "employer" as that term is defined by Title VII or the Age Discrimination in Employment Act ("ADEA").

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint and state that any employment actions were based on reasons unrelated to Plaintiff's gender or age.

34.    Defendants deny allegations contained in paragraph 34 of the Complaint and state that Defendant Dexter Suggs, in his individual capacity, was not Plaintiff's "employer" as that term is defined by Title VII or the ADEA.

35.    Defendants incorporate and restate their responses to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.    Defendants deny the allegations contained in paragraph 36 of the

Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.     Defendants incorporate and restate their responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint and state that as Plaintiff's supervisor, Dr. Fletcher did not hold the same position as Plaintiff and their difference in pay was, therefore, based on factors other than sex.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 44 of the Complaint.

45.     Defendants deny that Plaintiff is entitled to any of the relief requested

in paragraph 45 of the Complaint.

46.    Defendants incorporate and restate their responses to paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny allegations contained in paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.    Defendants incorporate and restate their responses to paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendants incorporate and restate their responses to paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.    Defendants deny the allegations contained in paragraph 54 of the Complaint and state that by failing to accept delivery of Defendant Suggs' non-renewal notice Plaintiff waived her rights under the Teacher Fair Dismissal

Act.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 56 of the Complaint.

57.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 57 of the Complaint.

58.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 58 of the Complaint.

59.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 59 of the Complaint.

60.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 60 of the Complaint namely because Defendant Suggs is not an "employer," in his individual capacity, as that term is defined by Title VII and the ADEA.

61.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 61 of the Complaint.

62.     Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 62 of the Complaint.

63.     Defendants deny that Plaintiff is entitled to any of the relief requested

in paragraph 63 of the Complaint.

64.     Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph of the Complaint and its corresponding subparagraphs.

65.     Defendants deny each and every allegation of the Complaint which is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

66.     Plaintiff's Complaint fails to state facts upon which relief can be granted.

67.     Plaintiff has failed to exhaust her administrative remedies.

68.     Plaintiff's claim may be barred in whole or in part by the applicable statute of limitations and by latches.

69.     The Complaint fails to present a sufficient basis upon which to proceed against Defendant Suggs in his individual capacity.

70.     Defendants acted at all times under the reasonable belief that their actions did not violate clearly established statutory or constitutional rights of the Plaintiff.   They are, therefore, entitled to qualified immunity.

71.     Defendants' employment decisions regarding the Plaintiff, if any, were based on legitimate non-discriminatory reasons.

72.     Plaintiff's differential in pay from her male comparator is based on

factors other than sex; namely the male comparator named in her Complaint is the department director and is Plaintiff's direct supervisor.

73.     Any adverse job action taken against Plaintiff was based on legitimate non-discriminatory business reasons and/or good cause and/or just cause and/or in the good faith belief that Defendants' actions were lawful and not motivated by any illegal criteria.

74.     To the extent that Plaintiff's Complaint attempts to allege a cause of action for compensatory or punitive damages, said allegations are insufficient upon which to base such an award.

75.     Pleading affirmatively, Defendant states that for each of the following reasons, Plaintiff's punitive damages claims are unconstitutional and should be dismissed:

> a.     neither federal or state law has established a definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element by a preponderance of the evidence, violates Defendants' due process rights under the U. S. Constitution, Amend. XIV, and the corresponding applicable due process provisions of the Arkansas Constitution.

> b.     Because it is not subject to a predetermined limit, such as

maximum multiple compensatory damages or a maximum amount, an award of punitive damages violates Defendant's due process rights under the U. S. Constitution, Amend. XIV, and corresponding applicable due process provisions of the Arkansas Constitution.

c.      An award of punitive damages violates Defendants' due process and equal protection rights guaranteed by the U. S. Constitution, Amend. XIV, and the double jeopardy clause of the U. S. Constitution, Amend. V, as incorporated into Amend. XIV, and a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of the Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character

and degree of the alleged wrong.

    d.    An award of punitive damages for the purposes of compensating Plaintiff for elements of damage not otherwise recognized by law violates the Defendant's due process rights guaranteed by the U. S. Constitution, Amend. XIV, and by the corresponding applicable provisions of the Arkansas Constitution.

    e.    An award of punitive damages without the same protection that is accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates Defendant's rights under the U. S. Constitution, Amend. XIV and Amends. IV, V and VI, as incorporated into Amend. XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

76.    Plaintiff failed to mitigate her damages.

77.    Defendants reserve the right to plead further, including asserting additional affirmative defenses as warranted after full investigation and discovery.

WHEREFORE, having fully answered Defendants pray that the Court dismiss Plaintiff's Complaint with prejudice, awarding Defendants their fees and costs incurred herein, including a reasonable attorneys' fee, and award all other

just and proper relief.

Respectfully submitted,

Christopher Heller (Ark. Bar No. 81083)
Khayyam Eddings (Ark. Bar No. 002008)
FRIDAY, ELDREDGE & CLARK
400 West Capitol, Suite 2100
Little Rock, Arkansas   72201 3493
(501) 370-1506
(501) 370-1417
heller@fridayfirm.com
keddings@fridayfirm.com

**Attorneys for Defendants**

Little Rock School District,
Baker Kurrus, in his official capacity, and
Dexter Suggs in his official capacity

*/s/ Khayyam M. Eddings*
Khayyam M. Eddings

**<u>CERTIFICATE OF SERVICE</u>**

I, Khayyam M. Eddings, certify that on this 18th day of December 2015, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

johnwalkeratty@aol.com
attorneylafont@gmail.com

*/s/ Khayyam M. Eddings*
Khayyam M. Eddings