## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
#### WESTERN DIVISION

IRMA JEAN ROUTEN                                          PLAINTIFF

V.                              Case No. 4:15 CV 705-J LH

LITTLE ROCK SCHOOL DISTRICT;
DEXTER SUGGS, individually and in his official capacity as
SUPERINTENDENT of the
LITTLE ROCK SCHOOL DISTRICT                              DEFENDANTS

### ANSWER TO AMENDED COMPLAINT

Defendant Little Rock School District and Dexter Suggs, in his official capacity as Superintendent of the Little Rock School District, hereinafter ("District Defendants"), by and through their attorneys FRIDAY, ELDREDGE & CLARK LLP and for their Answer to Plaintiff's Amended Complaint, state as follows:

1.      Paragraph 1 of the Amended Complaint contains no allegations against the District Defendants and, therefore, no response is required.   Insofar, however, as Plaintiff attempts to make allegations against the District Defendants in paragraph 1, District Defendants must deny those allegations.

2.      District Defendants do not object to this Court's jurisdiction over the parties as established in paragraph 2 of the Amended Complaint.   However, Plaintiff should not be allowed to forum shop while and allow two courts to maintain concurrent jurisdiction of her claims.   *See* Pulaski County Circuit Court Case No. 60 CV-14-1273.

1

3.    District Defendants admit that venue is proper in this Court as alleged by the Plaintiff in paragraph 3 of the Amended Complaint.

4.    District Defendants admit the allegations in paragraph 4 of the Amended Complaint.

5.    District Defendants admit that Defendant Suggs was employed by the District from April 2013 until approximately April 2015. District Defendants also admit that Plaintiff alleges that Defendant Suggs' actions form the basis of allegations in her Amended Complaint in paragraph 5.  District Defendants deny the remaining allegation contained in paragraph 5 of the Amended Complaint.

6.    District Defendants deny the allegations contained in paragraph 6 of the Amended Complaint.

7.    District Defendants admit that Plaintiff seeks to bring suit against Defendant Suggs in his individual capacity.   District Defendants further admit that Suggs was a resident of the Eastern District of Arkansas at the time of his employment as Superintendent of the District. District Defendants deny the remaining allegations in paragraph 7 of the Amended Complaint.

8.    District Defendants admit that Plaintiff is a black female who was employed by the Little Rock School District as a teacher in 1991 to teach music. District Defendants deny the remaining allegations in paragraph 8 of the Amended Complaint.

9.     District Defendants admit the allegations in paragraph 9 of the Amended Complaint.

10.     District Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 10 of the Amended Complaint and therefore must deny them.

11.     District Defendants deny the allegations in paragraph 11 of the Amended Complaint and state that as the Director of Fine Arts and as Plaintiff's supervisor, Dr. Danny Fletcher has total responsibility over the fine arts program throughout the entire Little Rock School District.

12.     District Defendants deny the allegations contained in paragraph 12 of the Amended Complaint.

13.     District Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14.     District Defendants admit that Suggs notified Plaintiff on January 24, 2014 that her 2014-15 contract would not be renewed on the same terms and conditions as the previous year for budgetary reasons and due to staff realignment, as alleged in paragraph 14 of the Amended Complaint.  District Defendants deny any implication that Suggs' action was motivated by any illegally discriminatory criterion.

15.     District Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16.     District Defendants admit that Plaintiff earns approximately $70,000 annually on a 9 ¼- month contract that was reduced from an eleven month contract. District Defendants deny the remaining allegation contained in paragraph 16 of the Amended Complaint.

17.     District Defendants admit that they maintain a policy that provides stipends to certain of its employees in accordance with their employment classification and educational levels.  District Defendants further admit that Dr. Fletcher earned a $3,000 annual stipend for holding a doctoral degree and holding a position as an administrator.  Dr. Fletcher also receives a $720 annual vehicle stipend as an administrator while Plaintiff does not.   District Defendants also admit that Plaintiff earns a $500 stipend for holding a doctoral degree while being classified as a teacher. District Defendants deny the remaining allegations contained in paragraph 17 of the Amended Complaint.

18.     District Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19.     District Defendants deny the allegations contained in paragraph 19 of the Amended Complaint and state that as the Director of Fine Arts and as Plaintiff's supervisor, Dr. Danny Fletcher has total responsibility over the fine arts program

5464507.1

throughout the entire Little Rock School District.

20.     District Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.   District Defendants further state that by failing to accept delivery of Suggs' non-renewal notice Plaintiff waived her rights under the Teacher Fair Dismissal Act.

21.     Defendant's admit that Plaintiff filed a Charge of Discrimination alleging sex and age discrimination on or about October 16, 2014 as alleged in paragraph 21 of the Amended Complaint.

22.     District Defendants admit that Plaintiff received notice of rights from the EEOC on or about September 12, 2015 as alleged in paragraph 22 of the Amended Complaint.

23.     District Defendants incorporate and restate their responses to paragraphs 1 through 22 of the Amended Complaint as if fully set forth herein.

24.     District Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

25.     District Defendants deny the allegations contained in paragraph 25 of the Amended Complaint.

26.     District Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     District Defendants deny the allegations contained in paragraph 27 the

5

Amended Complaint.

28.     District Defendants incorporate and restate their responses to paragraphs 1 through 27 of the Amended Complaint as if fully set forth herein.

29.     District Defendants deny the allegations contained in paragraph 29 Amended Complaint.

30.     Paragraph 30 of the Amended Complaint contains no allegations against the District Defendants and, therefore, no response is required.  Insofar, however, as Plaintiff attempts to make allegations against the District Defendants in paragraph 30 District Defendants must deny those allegations and state that Suggs was not Plaintiff's "employer" as that term is defined by Title VII or the Age Discrimination in Employment Act ("ADEA").

31.     District Defendants deny the allegations contained in paragraph 31 of the Amended Complaint and state that any employment actions were based on reasons unrelated to Plaintiff's gender or age.

32.     District Defendants deny allegations contained in paragraph 32 of the Amended Complaint and Plaintiff is entitled to any of the relief requested in paragraph 32.

33.     District Defendants incorporate and restate their responses to paragraphs 1 through 32 of the Amended Complaint as if fully set forth herein.

34.     District Defendants deny the allegations contained in paragraph 34 of

6

the Amended Complaint.

35.    District Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36.    District Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37.    District Defendants incorporate and restate their responses to paragraphs 1 through 36 of the Amended Complaint as if fully set forth herein.

38.    District Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39.    District Defendants deny the allegations contained in paragraph 39 of the Amended Complaint and state that as Plaintiff's supervisor, Dr. Fletcher did not hold the same position as Plaintiff and their difference in pay was, therefore, based on factors other than sex.

40.    District Defendants deny the allegations contained in paragraph 40 of the Amended Complaint.

41.    District Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

42.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 42 of the Amended Complaint.

43.    District Defendants deny that Plaintiff is entitled to any of the relief

5464507.1

requested in paragraph 43 of the Amended Complaint.

44.     District Defendants incorporate and restate their responses to paragraphs 1 through 42 of the Amended Complaint as if fully set forth herein.

45.     District Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46.     District Defendants deny allegations contained in paragraph 46 of the Amended Complaint.

47.     District Defendants deny the allegations contained in paragraph 47 of the Amended Complaint and that Plaintiff is entitled to any of the relief requested in paragraph 47.

48.     District Defendants incorporate and restate their responses to paragraphs 1 through 47 of the Amended Complaint as if fully set forth herein.

49.     District Defendants deny the allegations contained in paragraph 49 of the Amended Complaint.

50.     District Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     District Defendants incorporate and restate their responses to paragraphs 1 through 50 of the Amended Complaint as if fully set forth herein.

52.    District Defendants deny the allegations contained in paragraph 52 of the Amended Complaint and state that by failing to accept delivery of Suggs' non-renewal notice Plaintiff waived her rights under the Teacher Fair Dismissal Act.

53.    District Defendants deny the allegations contained in paragraph 53 of the Amended Complaint.

54.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 54 of the Amended Complaint.

55.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 55 of the Amended Complaint.

56.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 56 of the Amended Complaint.

57.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 57 of the Amended Complaint.

58.    Paragraph 58 of the Amended Complaint contains no allegations against the District Defendants and, therefore, no response is required.  Insofar, however, as Plaintiff attempts to make allegations against the District Defendants in paragraph 58, District Defendants must deny that Plaintiff is entitled to any of the relief requested in paragraph 58 of the Amended Complaint.

59.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 59 of the Amended Complaint.

60.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 60 of the Amended Complaint.

61.    District Defendants deny that Plaintiff is entitled to any of the relief requested in paragraph 61 of the Amended Complaint.

62.    District Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" paragraph of the Amended Complaint and its corresponding subparagraphs.

63.    District Defendants deny each and every allegation of the Amended Complaint which is not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

64.    Plaintiff's Amended Complaint fails to state facts upon which relief can be granted.

65.    Plaintiff has failed to exhaust her administrative remedies.

66.    Plaintiff's claim may be barred in whole or in part by the applicable statute of limitations and by latches.

67.    The Amended Complaint fails to present a sufficient basis upon which to proceed against Defendant Suggs in his individual capacity.

68.     District Defendants acted at all times under the reasonable belief that their actions did not violate clearly established statutory or constitutional rights of the Plaintiff.   They are, therefore, entitled to qualified immunity.

69.     District Defendants' employment decisions regarding the Plaintiff, if any, were based on legitimate non-discriminatory reasons.

70.     Plaintiff's differential in pay from her male comparator is based on factors other than sex; namely the male comparator named in her Amended Complaint is the department director and is Plaintiff's direct supervisor.

71.     Any adverse job action taken against Plaintiff was based on legitimate non-discriminatory business reasons and/or good cause and/or just cause and/or in the good faith belief that District Defendants' actions were lawful and not motivated by any illegal criteria.

72.     To the extent that Plaintiff's Amended Complaint attempts to allege a cause of action for compensatory or punitive damages, said allegations are insufficient upon which to base such an award.

73.     Pleading affirmatively, Defendant states that for each of the following reasons, Plaintiff's punitive damages claims are unconstitutional and should be dismissed:

    a.     neither federal or state law has established a definitive standard for setting the amount of punitive damages and, therefore, an award of

11

punitive damages without requiring Plaintiff to prove every element by a preponderance of the evidence, violates District Defendants' due process rights under the U. S. Constitution, Amend. XIV, and the corresponding applicable due process provisions of the Arkansas Constitution.

b.      Because it is not subject to a predetermined limit, such as maximum multiple compensatory damages or a maximum amount, an award of punitive damages violates Defendant's due process rights under the U. S. Constitution, Amend. XIV, and corresponding applicable due process provisions of the Arkansas Constitution.

c.      An award of punitive damages violates District Defendants' due process and equal protection rights guaranteed by the U. S. Constitution, Amend. XIV, and the double jeopardy clause of the U. S. Constitution, Amend. V, as incorporated into Amend. XIV, and a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the

corporate status of the Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

d.      An award of punitive damages for the purposes of compensating Plaintiff for elements of damage not otherwise recognized by law violates the Defendant's due process rights guaranteed by the U. S. Constitution, Amend. XIV, and by the corresponding applicable provisions of the Arkansas Constitution.

e.      An award of punitive damages without the same protection that is accorded to all criminal District Defendants, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel violates Defendant's rights under the U. S. Constitution, Amend. XIV and Amends. IV, V and VI, as incorporated into Amend. XIV, and under the corresponding applicable provisions of the Arkansas Constitution.

5464507.1

74.     Plaintiff failed to mitigate her damages.

75.     District Defendants reserve the right to plead further, including asserting additional affirmative defenses as warranted after full investigation and discovery.

WHEREFORE, having fully answered District Defendants pray that the Court dismiss Plaintiff's Amended Complaint with prejudice, awarding District Defendants their fees and costs incurred herein, including a reasonable attorneys' fee, and award all other just and proper relief.

Respectfully submitted,

Christopher Heller (Ark. Bar No. 81083)
Khayyam Eddings (Ark. Bar No. 002008)
FRIDAY, ELDREDGE & CLARK
400 West Capitol, Suite 2100
Little Rock, Arkansas   72201 3493
(501) 370-1506
(501) 370-1417
heller@fridayfirm.com
keddings@fridayfirm.com

**Attorneys for District Defendants**

Little Rock School District and Dexter Suggs
in his official capacity

*/s/ Khayyam M. Eddings*
Khayyam M. Eddings

## CERTIFICATE OF SERVICE

I certify that on **December 2, 2016** I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

johnwalkeratty@aol.com
attorneylafont@gmail.com

*/s/ Khayyam M. Eddings*
Khayyam M. Eddings

5464507.1